# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| YURIDIANA CARDENAS HIDALGO,<br><br>Petitioner,<br><br>v.<br><br>ELISEO RICOLCOL, Warden,<br><br>Respondent. | Case No. 5:25-cv-362-WLH-RAO<br><br><br>ORDER SUMMARILY DISMISSING PETITION |

On February 7, 2025, Petitioner Yuridiana Cardenas Hidalgo ("Petitioner")—a then-federal inmate housed at FCI Victorville Medium I in Victorville, California, and proceeding *pro se*—filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Petition"). Dkt. No. 1 ("Pet."). Petitioner argues that she is eligible for supervised release pursuant to the Federal First Offenders Act (FFOA) and requests that this Court order her immediate release.[1] Pet. at 1.

Respondent Eliseo Ricolcol filed a motion to dismiss on March 21, 2025, arguing that the FFOA does not apply to Petitioner and requesting that the Petition be dismissed or, alternatively, transferred to the appropriate sentencing court as a Section 2255 motion. Dkt. No. 7 at 3, 9–10.

---

[1] The Court utilizes the pagination assigned by the CM/ECF system when citing to the Petition.

The Court issued its Report and Recommendation ("Report") on May 12, 2025, recommending that this action be dismissed for failure to prosecute and abide by the Court's orders. Dkt. No. 10. On May 20, 2025, the Court's notice to Petitioner of the Report was returned as undeliverable. Dkt. No. 11.

The Court independently conducted a public records check of BOP's inmate locator which indicates that Petitioner was released from BOP custody on May 30, 2025. *See Find an Inmate*, Fed. Bureau of Prisons (June 4, 2025), https://www.bop.gov/inmateloc [https://perma.cc/8LYU-CZBU]. For the following reasons, the Court dismisses the Petition as moot.

A federal court's jurisdiction is limited to actual cases or live controversies. *United States v. Yepez*, 108 F.4th 1093, 1099 (9th Cir. 2024) (citing *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). This constitutional limitation to cases or controversies necessarily requires that parties to the litigation have a personal stake in the outcome at all stages of judicial proceedings. *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71–72 (2013). Because federal courts are prohibited from adjudicating matters that do not affect the rights of present litigants, a suit is rendered moot when there exists no live issue for the court to grant relief upon. *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (highlighting that Article III of the U.S. Constitution forbids the issuance of advisory opinions where no live case or controversy exists). When a litigant seeks action from an administrative agency, performance by the agency of the relief sought is sufficient to render the claim moot and absolve the federal court of jurisdiction to adjudicate the suit. *Rosemere Neighborhood Ass'n v. EPA*, 581 F.3d 1169, 1173 (9th Cir. 2009) (quoting *Pub. Util. Comm'n v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996)).

In bringing this action, Petitioner sought immediate release from BOP custody. Because she has obtained the relief she sought by initiating this action—namely, release from BOP custody—the matter no longer involves a "live controversy" and is therefore moot. *Peneueta v. Ricolcol*, No. 2:23-cv-6361-PA-JC,

2024 WL 2884218, at *5 (C.D. Cal. May 21, 2024) (citing *Burnett v. Lampert*, 432 F.3d 996, 1000–01 (9th Cir. 2005)).

For the foregoing reasons, the Petition is dismissed without prejudice. All pending motions are denied as moot.

DATED: 8/4/2025

_____
HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE